UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANJEET K. KANG, et al.,<br>　　　　　　Plaintiffs,<br>v.<br>NATIONSTAR MORTGAGE LLC,<br>　　　　　　Defendant. | CASE NO. C23-5106-KKE<br><br>ORDER GRANTING MOTION TO AMEND THE ANSWER |

This matter comes before the Court on Defendants Nationstar Mortgage LLC's and U.S. Bank National Association's (collectively, "Defendants") motion to amend their answer. Dkt. No. 24. Plaintiffs did not file a response. For the below reasons, the Court grants the unopposed motion to amend.

## I.　BACKGROUND

On February 8, 2023, Plaintiffs Manjeet and Amrik Kang filed this complaint against Defendants regarding a contract and payments for property located in Puyallup, Washington. Dkt. No. 1. On April 4, 2023, Defendants filed their answer and twelve affirmative defenses. Dkt. No. 16. On June 30, 2023, the Court entered a scheduling order which included an August 10, 2023, deadline to amend the pleadings. Dkt. No. 19. On April 23, 2024, Defendants filed this motion to amend their answer to add a thirteenth affirmative defense: "Plaintiffs are barred from recovery on their claims because they are class members subject to the judgment entered on December 11,

ORDER GRANTING MOTION TO AMEND THE ANSWER - 1


2020 in the case of *Robinson v. Nationstar Mortgage LLC*, Case 8:14-cv-03667-TJS. Accordingly, plaintiffs' claims are barred by the doctrine of res judicata." Dkt. No. 24-3. Plaintiffs did not file a response to this motion. On May 9, 2024, Defendants filed a motion for summary judgment arguing, *inter alia*, the case is barred by res judicata. Dkt. No. 26 at 9–13.

## II.   ANALYSIS

### A.   Legal Standards

If a court's scheduling order sets forth a deadline for amending the pleadings, no post-deadline amendment is permitted unless the court first finds good cause to amend the case schedule. *See* Fed. R. Civ. P. 16(b)(4); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Good cause exists where the moving party is diligent in requesting a modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following:

> that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (cleaned up). "Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment [is] proper." *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

Rule 15(a)(2) requires courts to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this rule, courts may decline leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive, repeated failure to cure

ORDER GRANTING MOTION TO AMEND THE ANSWER - 2

deficiencies, undue prejudice to the opposing party, or futility of amendment. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court need not consider every factor, and "prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1052 (9th Cir. 2003).

B. **There Is Good Cause to Amend the Case Schedule.**

The deadline to amend pleadings was August 10, 2023. Dkt. No. 19.  The motion to amend the answer was filed after this deadline, but Defendants fail to address the Rule 16 good cause analysis. Dkt. No. 24 at 3.  While Defendants' own exhibit demonstrates this opt-out list was publicly available in December 2020, the Court finds Defendants were nonetheless diligent in seeking to amend their answer because Plaintiffs' complaint and discovery responses explicitly stated that they had opted out of the *Robinson* class action settlement. *See* Dkt. No. 1 ¶ 4, Dkt. No. 25 ¶ 4.  Based on this record, and the lack of opposition to this motion, the Court finds it was reasonable for Defendants to not discover this information until April 2024. *See* Dkt. No. 24 at 3. Upon the discovery of this information, Defendants were diligent in seeking to amend their answer.

C. **Justice Requires Leave to Amend the Complaint.**

Rule 16 being satisfied, the court examines the Rule 15 factors of prejudice, bad faith, undue delay, and futility.[1] *Sonoma Cnty.*, 708 F.3d at 1117.  Plaintiffs will not be prejudiced if the answer is amended, because the *Robinson* settlement was referenced in Plaintiffs' complaint and Defendants' discovery requests.  Thus, Plaintiffs were on notice about the potential for this defense.  Nor do the other factors weigh against granting this motion.  There would be no delay in the proceedings and there is no evidence of bad faith on Defendants' part.  Finally, as set forth

---

[1] Defendants have not previously amended the answer.

ORDER GRANTING MOTION TO AMEND THE ANSWER - 3

below, it would not be futile to amend the answer because the new affirmative defense states a potentially cognizable defense. All factors favor granting leave to amend. Moreover, the court's local rules provide that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Because Plaintiffs failed to file any opposition to Defendants' motion, the court considers this failure as Plaintiffs' admission that the motion has merit.

### III.  CONCLUSION

For these reasons, the Court GRANTS Defendants' motion to amend the answer. Dkt. No. 24. Defendants shall file their amended answer (Dkt. No. 24-2) by May 24, 2024.

Dated this 20th day of May, 2024.

_____
Kymberly K. Evanson
United States District Judge